# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

June 7, 2011

William James Nicoll, Esq.
Jenkins, Block & Assocs. P.C.
1040 Park Avenue
Baltimore, MD 21201

Alex Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

   **Re: Stephanie Crewe v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1650**

Dear Counsel:

  Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Crewe's claims for Supplemental Security Income ("SSI")and Disability Insurance Benefits.("DIB") (ECF Nos. 8,14,24).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

  Ms. Crewe (sometimes referred to as "Claimant") filed applications for SSI and DIB on June 4, 2004, alleging that she became disabled on May 27, 2003, due to obesity, osteoarthritis post congenital hip dislocation and depression. (Tr. 16, 40, 125).  After her claims were denied initially and upon reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Edward Banas.  A decision unfavorable to Claimant was issued on September 27, 2007. (Tr. 37-48).  On February 28, 2008 the Appeals Council vacated the

ALJ's decision and remanded her case for further proceedings.
(Tr. 51-52).

Another hearing was held on May 20, 2008 before the ALJ and in
a decision dated October 8, 2008, the ALJ found that although
Claimant's osteoarthritis status post congenital hip
dislocation, obesity, and depression were all "severe
impairments", they did not meet or equal any listed impairment.
The ALJ also found that Ms. Crewe retained the residual
functional capacity ("RFC") to perform a range of sedentary work[1]
and that based on her RFC she was precluded from performing her
past relevant work ("PRW"). (Tr. 22).  After receiving testimony
from a vocational expert, ("VE"), the ALJ determined that there
was work available in significant numbers in the local and
national economies that Ms. Crewe could perform. Accordingly,
the ALJ found she was not disabled within the meaning of the
Act.(Tr. 14-24).  On April 24, 2009, the Appeals Council denied
Ms. Crewe's request for review, making the ALJ's decision the
final, reviewable decision of the Commissioner.(Tr. 5-7).  This
appeal followed.

     The Commissioner's decision must be upheld if supported by
substantial evidence which is more than a scintilla, but less
than a preponderance, and sufficient to support a conclusion in
a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King
v. Califano*, 599 F.2d 597 (4th  Cir. 1979); *Teague v. Califano*,
560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640
(4th  Cir. 1966). This Court may not weigh conflicting evidence,
determine credibility, or substitute its judgment for the
Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th
Cir. 1990). Although deferential, this standard of review does
not require acceptance of a determination by the Commissioner
which applies an improper standard, or misapplies the law.
*See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).
Following its review this Court may affirm, modify or reverse
the Commissioner, with or without a remand. *See* 42
U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).
Claimant presents several arguments in support of her contention
that the ALJ's decision is not supported by substantial
evidence.  For the reasons that follow, I disagree and AFFIRM
the ALJ's decision.

---

[1] The ALJ found she retained the following RFC: "Claimant has the residual
functional capacity to perform sedentary work except that she is limited by
the need to avoid hazards, heights, climbing stairs, and public contact and
is limited to simple routine work due to pain and depression." (Tr. 19).

Claimant first argues that the ALJ erred by failing properly to evaluate her obesity in determining whether she was disabled. The Court is not persuaded that the ALJ failed to consider the effects of Ms. Crewe's weight pursuant to SSR 02-1p. Ms. Crewe argues that because she had a Body Mass Index "BMI"[2] of Level II representing: "extreme" obesity, the ALJ was required --but failed-- to give adequate consideration of the effects of her obesity on her depression. *See* Plaintiff's Motion, pp. 5-6.

A person's BMI is not conclusive evidence that they suffer from obesity, or more importantly, that it is a severe impairment. SSR 02-1p, in relevant part, states:
> "**There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment**. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes."
*See* SSR 02-1p  (2000 WL 628049, *4(S.S.A.))(Emphasis added).

That said, however, the ALJ did find that Ms. Crewe's obesity constituted a severe impairment and, more importantly, the ALJ adequately discussed the medical evidence which noted the impact her weight had on her other impairments, specifically her chronic low back and hip pain. (Tr. 17).

In her Memorandum, Claimant directs the Court's attention to notations from her doctors who stated that Ms. Crewe has concentration, memory, and fatigue problems. Ms. Crewe asserts that these limitations are the result of her obesity. However the Court does not find within the record any notations made by Ms. Crewe's doctors or the Agency reviewers which support this argument. These doctors do not state that it was her weight that adversely affected her concentration, memory, and fatigue or that these problems impacted her depression. Finally, contrary to Claimant's argument there is no language in SSR 02-1p or SSR 96-6p to support an argument that the medical examiner's qualifications to testify in this case are questionable because he was not familiar with SSR 02-1p. In sum, I do not find that the ALJ failed to consider the effects of Ms. Crewe's obesity in violation of SSR-02-1p.

---

[2] BMI is the ratio of an individuals weight in kilograms to the square of his or her height in meters. (kg/m2).

Likewise I am not persuaded by Claimant's argument that the ALJ erred by affording "significant weight" to the opinions of the State Agency medical examiner ("ME") in finding that Claimant was not disabled. *See* Plaintiff's Memorandum, pp. 7-9. SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[3] The ALJ adequately discussed the reasons for affording Dr. David Blair's opinions considerable weight.(Tr. 22). Equally important is that Dr. Blair provided a thorough explanation for his opinions when he testified at the hearing. (Tr. 269-282). For example, when Ms. Crewe's counsel asked Dr. Blair whether obesity could cause irritability and frustration (which she contends caused her exaggerated scores in testing), Dr. Blair testified he could only state that many obese people do fine in testing, and that he could not definitively state whether there was a connection between obesity and the Claimant's ability to concentrate. (Tr. 281). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford "considerable" weight to the Dr. Blair's assessment.

Ms. Crewe also argues that the ALJ was required-- but failed pursuant to 20 CFR 404.1519p(b)--to authenticate pages 6-8 in the report of the examining physician, Dr. Eva K. Anderson. (Tr. 227-235). After careful review of the record the evidence reveals that the pages in question were part of the report which was clearly signed by Dr. Anderson, and that the ALJ made attempts to have counsel clarify the request, but there was no response. (Tr. 169). The regulation cited by Claimant only provides that contact be made with the doctor regarding a report if the report is inadequate or incomplete. Neither circumstance is present in this case, and therefore her argument is without merit.

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 6/7/11

___/s/_____
Paul W. Grimm
United States Magistrate Judge

---

[3] SSR 96-6p, in relevant part, states:…"In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6P, 1996 WL 374180 **2-**3(S.S.A.).